UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUNICE ALCAZAR,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. 1:05-cv-0706 AWI JLT<br><br>ORDER GRANTING MOTION FOR<br>ATTORNEY'S FEES (Doc. 21) |

Plaintiff prevailed in her action filed on May 24, 2005, seeking review of a decision of the Social Security Administration ("SSA") denying her benefits under Title II of the Social Security Act. By order dated September 18, 2007, the Court adopted the Findings and Recommendation of the Magistrate Judge granting the complaint for benefits and remanded the matter pursuant to 42 U.S.C. § 405(g), sentence four, for further consideration. (Doc. 17). On November 26, 2007, the Magistrate Judge, pursuant to a stipulation of the parties, awarded Plaintiff's attorney, Denise Bourgeois Haley, attorney's fees and expenses under the Equal Access to Justice Act ("EAJA") in the amount of $3,450.00 pursuant to the terms of the stipulation. (Id.)

Pending before the Court is Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) in the amount of $ 6,395.00 filed on August 10, 2009. (Doc. 21). Defendant has filed no response to the motion.

With respect to fees awarded under the EAJA, 28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

With regard to the Social Security Act's provision for attorney's fees for services rendered in connection with judicial review of administrative proceedings, 42 U.S.C. § 406(b) provides:

> (b) Attorney fees
>
> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.
>
> (B) For purposes of this paragraph –
>
> (I) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 423 of this title, and
>
> (ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1320a-6(a) of this title.
>
> (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of no more than $500, or imprisonment for not more than one year, or both.

The attorney petitioning for an award of fees pursuant to § 406(b) bears the burden of showing that a claimed fee that was set by contract is reasonable for services rendered. Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The fee agreement is entitled to significant weight, but even if the claimed fee is within the twenty-five percent limitation, the Court must independently assess the reasonableness of the contract. Id. To avoid a windfall for the attorney, recovery may be reduced because of the character of the representation, the results achieved, a disproportionately large award in comparison to the time expended, or any delay caused by the attorney. Id. Thus, the Court may

require the claimant's attorney to submit a record of the hours spent on the case and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. Id.

The appropriate starting point for determination of a reasonable fee for representation before the Court is not a lodestar type formulation; rather, the Court will determine whether the fee, which in this case is acknowledged to be within the permissible twenty-five percent of total recovery, is reasonable.[1] Gisbrecht, 535 U.S. at 792, 797-98, 808. Here, counsel's qualifications are considerable, including 20 years of specialized practice in social security cases. In addition, counsel's firm specializes in such cases, seeking compensation only on a contingent basis, thus delaying compensation, if any, until successful completion of the process. In this case, the result obtained was clearly favorable to Plaintiff, involving an award of past-due benefits in excess of $25,000. The total of 24.2 hours of time expended on this case (19.1 hours in attorney time and 5.1 hours in paralegal/law clerk time) over four years is also reasonable. The de facto hourly rate (24.2 hours divided by $6,395.00) equates to just under $300 per hour for attorney time, depending upon whether or not the paralegal/law clerk hours are included in the calculation.[2] The reasonableness of this rate of compensation is bolstered by several sworn declarations from other attorneys attesting to their customary hourly billing rates. Even if the paralegal time is not counted, the hourly fee to counsel for 19.1 hours would amount to approximately $335 per hour, again, well within the reasonable range given counsel's experience and the results achieved. The Court is also mindful of the value of the contingency; despite having lost before the agency, counsel persevered despite the limited scope and standard of review in the proceedings before the Court and thus despite a

---

[1] A lodestar amount is based upon reasonable hours expended multiplied by a reasonable hourly rate, see Allen v. Shalala, 48 F.3d 456 (9th Cir. 1995) (overruled by Gisbrecht), which may then be adjusted by considering various factors identified in Kerr v. Screen Actors Guild, Inc., 526 F.2d 67 (9th Cir. 1975), such as time and labor required, difficulty of questions involved, skill needed to perform the service and the experience, reputation and ability of the attorneys, preclusion of other employment, customary fee, whether the fee is fixed or contingent, time limits imposed by the client or circumstances, the amount involved and the results obtained, the undesirability of the case, nature and length of the professional relationship with the client, and awards in similar cases.

[2] Courts are in disagreement regarding whether or not time expended by a paralegal is separately considered or whether it has been expected to be included in overhead. See Roark v. Barnhart, 221 F.Supp.2d 1020 1026 (W.D. Mo. 2002) (declining to include paralegal time, which comprised over half of the time spent in the case, in the section 406(b) award because it had been compensated in the EAJA award); Yarnevic v. Apfel, 359 F.Supp.2d 1363, 1365-66 (N.D. Ga. 2005) (concluding that not including paralegal fees would amount to a windfall to Plaintiff, and approving an award that amounted to an hourly rate of almost $650 where counsel was highly experienced and had obtained significant benefits).

1  decreasing likelihood of recovery.  See Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D.Cal.
2  2003) (noting that courts have generally been deferential to the terms of contingency fee contracts in
3  § 406(b) cases and have accepted that the resulting de facto hourly rates [ranging from over $300 to
4  over $600 per hour] might exceed those for non-contingency fee arrangements).  In addition, the
5  Court notes that without the incentive of recovery of a maximum contingency fee, plaintiffs might go
6  unrepresented or be forced to abandon their claims.

7       Therefore, the Court finds that the fees requested are reasonable.

8       Finally, $3,450.00 in EAJA fees were previously awarded.  The payment under the EAJA
9  arises if the government's position in the litigation was not substantially justified, and the fee is
10 determined by the time expended and the attorney's hourly rate.  28 U.S.C. § 2412(d).  The payment
11 provided for under § 406(b)(1)(A) is payable out of, and not in addition to, the amount of the past-
12 due benefits.  Gisbrecht, 535 U.S. 792.  Congress has harmonized fees payable by the government
13 under the EAJA with fees payable under § 406(b) out of a Social Security claimant's past-due
14 benefits.  Fee awards may be made under both provisions, but the claimant's attorney must refund to
15 the claimant the amount of the smaller fee up to the point that the claimant receives one hundred
16 percent of the past-due benefits.  Act of Aug. 5, 1985, Pub.L. 99080, § 3, 99 Stat. 186; Gisbrecht,
17 535 U.S. 792.

18      Here, the fee of $6,395.00 provided for under the contract and § 406(b) must be reduced by
19 the $3,450.00 previously awarded in fees under the EAJA.

20      Accordingly, IT IS ORDERED that the Motion for Attorney Fees pursuant to 42 U.S.C. §
21 406(b) in the amount of $6,395.00 is GRANTED.

22      IT IS FURTHER ORDERED that counsel for Plaintiff, Denise Bourgeois Haley, refund to
23 Plaintiff the $3,450.00 amount previously awarded as EAJA fees.

25 IT IS SO ORDERED.

26 Dated:  **January 12, 2010**                    /s/ Jennifer L. Thurston
                                                 UNITED STATES MAGISTRATE JUDGE